IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


NEDDRA PRICE-CROWELL,

    Plaintiff,
v.                                                          CASE NO. 1:09-cv-25-MMP-AK

SANTA FE COMMUNITY COLLEGE, et al.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 13, Plaintiff's third amended complaint. Plaintiff, who is proceeding *pro se* and *in forma pauperis*, alleges employment discrimination claims against Santa Fe Community College, the School Board of Alachua County, the University of Wyoming, the Wyoming State Archives, and the Wyoming State Criminal Investigation Division. The Court has afforded Plaintiff multiple opportunities to clarify her claims because previous iterations of her complaint were unclear as to which, if any, of the defendants was Plaintiff's employer or prospective employer, and because Plaintiff failed to allege facts showing how defendants had discriminated against her and why the Wyoming defendants should be subject to suit in this Court. In granting leave to file a third amended complaint, the Court specifically cautioned Plaintiff that "the Court will not allow her to amend her complaint *ad infinitum*, and therefore, she must take this opportunity to clearly set forth her best case for relief, as it is unlikely that the Court will allow further amendment, attachment, or

supplementation." Doc. 12. Having carefully considered the allegations in the third amended complaint, the Court is satisfied that Plaintiff has stated her best case for relief, but that the third amended complaint is nevertheless due to be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), governing proceedings *in forma pauperis*, the Court shall dismiss a case at any time if the Court determines, among other things, that the complaint fails to state a claim upon which relief may be granted. The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Fed.R.Civ.P. 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir.1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). A complaint should not be dismissed for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. See Harris v. Proctor & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir.1996). The plaintiff is not required to set forth all the facts upon which the claim is based, but she must provide a statement sufficient to place the defendants on notice of the nature of the claim. Id. The Court construes the complaint in the light most favorable to the plaintiff and all well-pled allegations are taken as true. See Roberts v. Florida Power & Light Co., 146 F.3d 1305, 1307 (11th Cir.1998). It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under § 1915(e)(2)(B) is warranted. Further, *pro se* pleadings are afforded the benefit of liberal construction. See Tannenbaum v. United States, 148 F.3d 1262 (11th Cir.1998). With these governing standards in mind, the Court will address Plaintiff's

allegations against each defendant.

## Claims Against Santa Fe Community College

In completing the Court's standard employment discrimination complaint form, Plaintiff indicated that she sought employment from Santa Fe Community College (SFCC) "on several occasions 1980" and that she was employed by this defendant from July 1971 until about December 1972. She then alleges that SFCC discriminated against her on December 8, 2005, on the basis of her race, color, religion, age, and "retaliation." Plaintiff alleges that SFCC engaged in unequal treatment of her and mental and emotional abuse. Plaintiff checked all of the boxes on the complaint form regarding how the SFCC Educator Preparation Institute (EPI) allegedly discriminated against her (failing to hire, terminating employment, failing to promote, retaliation, failure to accommodate disability, unequal treatment, and "other" ("subjected to adverse terms and conditions")). Although the chronology of events is confusing, Plaintiff's "statement of facts" reflects that in 2005 she was enrolled in the EPI in order to obtain credit hours to become certified to teach. Plaintiff was advised by the EPI coordinator that a background check of Plaintiff had disclosed a prior criminal matter in Wyoming. Plaintiff's enrollment in the EPI apparently was terminated. Although Plaintiff does not explain the precise sequence of events, she alleges that in 2007 she was issued a two-year trespass warning to stay off of the SFCC campus. Plaintiff alleges that she filed charges against SFCC with the EEOC on June 14, 2008. Plaintiff appended to the complaint a copy of the Right to Sue letter issued by the EEOC on November 6, 2008, which reflects a determination that the "EEOC is unable to conclude that the information obtained establishes violations of the statutes." Plaintiff makes no factual allegations showing that she was employed by the EPI on the date of alleged

discrimination (December 8, 2005). Rather, her allegations establish that she was a student. Further, Plaintiff makes no factual allegations connecting her termination from the EPI program to any protected status.

## Claims Against School Board of Alachua County

On the complaint form, Plaintiff states that she sought employment with the School Board of Alachua County (SBAC) "since 1995." She also alleges that she was employed by SBAC from November 1995 to February 1996. In her "statement of facts," Plaintiff states that she was a substitute teacher for more than a decade, and was "formally processed to become a bus driver, but later Plaintiff was refused employment." She alleges that she became a paraprofessional (teacher's aide) in August 2005 but was asked to resign. She alleges that the discrimination that forms the basis of her complaint occurred on November 22, 2005, when the SBAC provided criminal background information from Wyoming to SFCC. She alleges that she filed charges with the EEOC on June 14, 2008, and the charging document appended to the complaint reflects that she alleged she "was denied entry into [EPI] because of records which had indicated that I had a criminal record which had been dropped." The Right to Sue letter issued by the EEOC on November 6, 2008, reflects a determination that "[t]he facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC." Plaintiff makes no factual allegations connecting the SBAC's actions on November 22, 2005, to any protected status.

## **Wyoming Defendants**

Plaintiff names the University of Wyoming and the "Wyoming State Criminal Division" as defendants. Although Plaintiff alleges that these defendants, and the "Wyoming Archives," discriminated against her, it is clear from her allegations that her claims against such entities do not stem from any employment relationship that she had with them. Rather, Plaintiff alleges that these entities have maintained and distributed inaccurate information concerning Plaintiff's academic and criminal records. Plaintiff alleges no jurisdictional basis for pursuing such claims against these defendants in this Court.

## **Discussion**

The existence of an employment relationship (proposed, actual, or terminated) is a necessary prerequisite to an employment discrimination suit. In three attempts to frame cognizable claims against the named defendants, Plaintiff has failed to allege any facts showing that she was in an employment relationship with SFCC's EPI. Further, to the extent that Plaintiff was an employee of the SBAC, she has failed to allege any facts showing that any actions by the SBAC relative to such employment was connected in any way to Plaintiff's race, color, gender, national origin, religion, disability, or age. It is apparent that Plaintiff believes that adverse actions have been taken against her due to allegedly erroneous information in criminal records from the State of Wyoming. If that is the case, she must pursue remedies to correct her criminal record in that State. Plaintiff has simply alleged no basis for the maintenance of an employment discrimination case against the named defendants in this Court.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this 24th day of December, 2009.

  *s/A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**