IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NEDDRA PRICE-CROWELL,

    Plaintiff,

v.                                          CASE NO. 1:09-cv-00025-MP-AK

SANTA FE COMMUNITY COLLEGE, SCHOOL BOARD OF ALACHUA COUNTY, UNIVERSITY OF WYOMING, WYOMING CRIMINAL INVESTIGATION, WYOMING STATE ARCHIVES, WYOMING STATE CRIMINAL INVESTIGATION DIVISION,

    Defendants.

_____/

**O R D E R**

        This matter is before the Court on Report and Recommendation, Doc. 15, regarding the Third Amended Complaint filed by Neddra Price-Crowell, Doc. 13. Upon consideration, the Magistrate believes that the Third Amended Complaint contains all the relevant allegations, stated as clearly as may be expected. The Magistrate analyzed the allegations, and recommended that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), governing proceedings *in forma pauperis* such as this one. Plaintiff timely objected, Doc. 16, and so this Court will review all objected-to material *de novo*.

        Pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), governing proceedings *in forma pauperis*, the Court shall dismiss a case at any time if the Court determines, among other things, that the complaint fails to state a claim upon which relief may be granted. The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Fed.R.Civ.P. 12(b)(6). See *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir.1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure

12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). A complaint should not be dismissed for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. See *Harris v. Proctor & Gamble Cellulose Co.,* 73 F.3d 321, 324 (11th Cir.1996). The plaintiff is not required to set forth all the facts upon which the claim is based, but she must provide a statement sufficient to place the defendants on notice of the nature of the claim. Id. The Court construes the complaint in the light most favorable to the plaintiff and all well-pled allegations are taken as true. See *Roberts v. Florida Power & Light Co.,* 146 F.3d 1305, 1307 (11th Cir.1998). It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under § 1915(e)(2)(B) is warranted. Further, *pro se* pleadings are afforded the benefit of liberal construction. See *Tannenbaum v. United States,* 148 F.3d 1262 (11th Cir.1998).

This Court need not recite every allegation in the precise detail the Magistrate has in the Report and Recommendation. Rather, those allegations will be summarized to facilitate analysis. On or around 1975, Plaintiff suffered the tragic death of a friend. Plaintiff alleges that, while she was a student at the University of Wyoming, she said things in psychological counseling in the aftermath of that loss that the University of Wyoming used against her somehow, and further that her transcript had been altered to reflect a lower level of academic achievement. Also in 1975 in Wyoming, it appears Plaintiff may have been found guilty and sentenced for shoplifting. Plaintiff does not remember the events surrounding the shoplifting charge, and alleges that the Wyoming State Archives that maintain criminal records, and the Wyoming State Criminal Division violated her rights by keeping records of that shoplifting offense and transmitting them to agencies who perform criminal background checks of Plaintiff.

Later, in 2005 Plaintiff was employed by the School Board of Alachua County ("SBAC"), but was asked to resign. Plaintiff alleges she was asked to resign in part because of her criminal record. Then, in 2007, Plaintiff was issued a "trespass warning" to stay off the Santa Fe Community College ("SFCC") campus, where she had been attempting to earn certification to work as a teacher. Plaintiff alleges the was barred from attending SFCC because of her criminal history.

An employment relationship (proposed, actual, or terminated) is a necessary prerequisite to an employment discrimination suit. Here, the only defendant who ever employed or might have employed Plaintiff is the SBAC. Plaintiff has failed to allege, however, any facts showing that any actions by the SBAC relative to that employment were connected in any way to her race, color, gender, national origin, religion, disability, or age. Her complaints center around allegedly incorrect criminal history information, but she makes no allegations to connect the alleged flaws in that criminal record to any immutable characteristic protected by statute. Plaintiff's objections to the Report and Recommendation even admit "Gainesville is not historically racist. . .." Doc. 16, p. 3. Thus, Plaintiff has failed to state any claim on which relief may be granted. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 15, is ADOPTED and incorporated herein.

2. The Motion for an Extension of Time to File Third Amended Complaint, Doc. 17, is DENIED.

3. The Third Amended Complaint, Doc. 13, is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this  *22nd*  day of January, 2010

*Case No: 1:09-cv-00025-MP-AK*

    *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge